An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY ROSS BLACK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64552

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a "motion requesting amended judgment of conviction to cure taint of constitutional and statutory violations and to reflect 'exact' amount of days credit time served."[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

In his motion, filed on October 7, 2013, appellant sought an additional 28 days of presentence credit for time served. Because a claim for additional presentence credit should be raised on direct appeal or in a post-conviction petition for a writ of habeas corpus in compliance with the procedural requirements set forth in NRS chapter 34, *see Griffin v. State*, 122 Nev. 737, 744, 137 P.3d 1165, 1169 (2006), appellant's motion should have been construed as a post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(2)(c).

Appellant's motion was untimely filed, because it was filed 13 years after issuance of the remittitur from his direct appeal on June 20,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19158

2000.[2] NRS 34.726(1). Appellant's claim was defaulted because it could have been raised on direct appeal, NRS 34.810(1)(b), and the motion was an abuse of the writ because it raised a claim different from those raised in his prior post-conviction petitions for a writ of habeas corpus.[3] NRS 34.810(2). Appellant's motion was therefore procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.726(1); NRS 34.810(3). Appellant did not attempt to demonstrate good cause to excuse his delay, nor could he have demonstrated prejudice because he received all of the presentence credit to which he was entitled. We therefore conclude that the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

---

[2]*Black v. State*, Docket No. 33753 (Order Dismissing Appeal, May 25, 2000).

[3]*Black v. State*, Docket No. 38780 (Order of Affirmance, May 7, 2003); *Black v. State*, Docket No. 44472 (Order of Affirmance, April 27, 2005).

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Linda Marie Bell, District Judge
Anthony Ross Black
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A